*Shui v. Lynch*

BIA
Christensen, IJ
A201 158 676

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 2nd day of February, two thousand sixteen.

PRESENT:
>        GUIDO CALABRESI,
>        REENA RAGGI,
>        SUSAN L. CARNEY,
>             *Circuit Judges.*

_____

FENG ZING SHUI,
>        *Petitioner,*

>        v.                                    14-4270
>                                              NAC

LORETTA E. LYNCH, UNITED STATES
ATTORNEY GENERAL,
>        *Respondent.*

_____

FOR PETITIONER:        Joshua Bardavid, New York, New York.

FOR RESPONDENT:        Benjamin C. Mizer, Principal Deputy
                       Assistant Attorney General; John S.
                       Hogan, Assistant Director; Mona
                       Maria Yousif, Trial Attorney, Office
                       of Immigration Litigation, United

States Department of Justice,
Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Feng Zing Shui, a native and citizen of the People's Republic of China, seeks review of an October 21, 2014, decision of the Board of Immigration Appeals ("BIA), affirming a December 7, 2012, decision of an Immigration Judge ("IJ") denying Shui's application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Feng Zing Shui,* No. A201 158 676 (B.I.A. Oct. 21, 2014), *aff'g* No. A201 158 676 (Immig. Ct. N.Y. City Dec. 7, 2012). We assume the parties' familiarity with the underlying facts and procedural history in this case.

We have reviewed the IJ's decision as the final agency determination. *Shunfu Li v. Mukasey*, 529 F.3d 141, 146 (2d Cir. 2008). The applicable standards of review are well established. *See* 8 U.S.C. § 1252(b)(4)(B); *Xiu Xia Lin v. Mukasey*, 534 F.3d 162, 165-66 (2d Cir. 2008) (per curiam).

2

For asylum applications like Shui's, governed by the REAL ID Act, the agency may, "[c]onsidering the totality of the circumstances . . . base a credibility determination on the demeanor, candor, or responsiveness of the applicant or witness, the inherent plausibility of the applicant's or witness's account," and inconsistencies in an applicant's statements and other record evidence "without regard to whether" they go "to the heart of the applicant's claim." 8 U.S.C. § 1158(b)(1)(B)(iii); *Xiu Xia Lin*, 534 F.3d at 163-64. In this case, the adverse credibility determination is supported by substantial evidence.

Shui claimed she was arrested, detained, and beaten for attending an underground Christian church in China. Shui testified that she was born and had always lived in Fujian province, but her household registry booklet shows that she is registered in Sichuan province; her notarial birth certificate states that she was born in Sichuan province; and her Chinese national identification card states that it was issued in Sichuan province. Shui's explanation for the inconsistency was not one that the IJ was required to credit. *Majidi v. Gonzales*, 430 F.3d 77, 80-81 (2d Cir. 2005).

The IJ relied on additional discrepancies between Shui's testimony and her supporting documents. Shui testified that she did not know whether her underground church was still functioning, but she submitted a letter from the church on letterhead dated June 2012. She explained that she misspoke. The IJ reasonably declined to credit this explanation. *Majidi*, 430 F.3d at 80-81. In addition, although Shui claimed that she and 17 or 19 other members of her church were arrested in October 2010, the letter from the church does not mention any such raid or any arrests.

The IJ identified other inconsistencies between Shui's testimony and her credible fear interview. We require the agency to "closely examine each . . . interview before concluding that it represents a sufficiently accurate record of the alien's statements . . . in determining whether the alien is credible." *Ramsameachire v. Ashcroft*, 357 F.3d 169, 179 (2d Cir. 2004); *Ming Zhang v. Holder*, 585 F.3d 715, 725 (2d Cir 2009). Here, the IJ noted that the credible fear interview was admitted into evidence without objection from Shui's attorney, that Shui was provided a Mandarin interpreter at the interview, that she did not indicate that she misunderstood the

4

interpreter, and that the interview was written in question and answer format and gave sufficient detail to conclude that it was a reliable record of Shui's answers to the interviewer's questions. Under these circumstances, the interview bears sufficient indicia of reliability. *Ming Zhang*, 585 F.3d 725.

During her credible fear interview, Shui stated that she did not know the name of the pastor at her underground church, but at her hearing, she testified that his name was Lin Guang and that she spoke to him frequently up until her October 2010 arrest. She explained by saying that the church members called him pastor and not by name. In addition, Shui stated during her interview that she did not know the names of any of the people arrested with her, but she wrote in her asylum application that she was arrested at the home of a fellow member named Zheng Xiao Long. Shui explained that she was nervous during her interview. The IJ reasonably declined to credit these explanations. *Majidi*, 430 F.3d at 80-81.

Considering the discrepancies in the record, the IJ's adverse credibility determination is supported by substantial evidence. 8 U.S.C. § 1252(b)(4)(B); *Xiu Xia Lin*, 534 F.3d at 165-66. This finding was sufficient to deny asylum,

withholding of removal, and CAT relief, as all three claims were based on the same factual predicate. *Paul v. Gonzales*, 444 F.3d 148, 156-57 (2d Cir. 2006) (withholding); *Xue Hong Yang v. U.S. Dep't of Justice*, 426 F.3d 520, 523 (2d Cir. 2005) (CAT).

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk